**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARATHON PETROLEUM COMPANY, LP, a Delaware limited partnership; TREASURE FRANCHISE COMPANY, LLC, a Delaware limited liability company,<br><br>                    Plaintiffs,<br><br>     v.<br><br>CMB PETROLEUM INC., a California corporation; AMACA PROPERTIES LLC, a California limited liability company; and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No.:  3:24-cv-01560-BJC-VET<br><br>**ORDER GRANTING JOINT MOTION AND ISSUING MODIFIED SCHEDULING ORDER**<br><br>[Doc. No. 50] |

Before the Court is the parties' Joint Motion to Continue Scheduling Order Deadlines and Extend Deadline to Raise Discovery Disputes ("Joint Motion"). Doc. No. 50. For the reasons stated below, the Court **GRANTS** the Joint Motion and **ISSUES** a Modified Scheduling Order.

**I.     PROCEDURAL BACKGROUND**

On January 21, 2025, the Court issued the initial Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings. Doc. No. 36. On April 15, 2025, Defendant Amaca Properties LLC ("Amaca") filed a Second Amended Answer and Cross-Claim

against Defendant CMB Petroleum Inc. ("CMB"). Doc. No. 48. On June 12, 2025, the parties filed the instant Joint Motion, requesting that the Court extend fact and expert discovery deadlines by 60 days. Doc. No. 50. In addition, the parties request that the Court extend the deadline to raise a discovery dispute relating to CMB's responses to certain interrogatories and production of certain documents and a privilege log. *Id.* at 7–8.

## II. **LEGAL STANDARD**

In determining whether to modify a scheduling order, the Court considers the "good cause" standard set forth in Federal Rule of Civil Procedure 16(b)(4). Fed. R. Civ. P. 16(b)(4). Pursuant to Rule 16(b)(4), a "schedule may be modified *only* for good cause and with the judge's consent." *Id.* (emphasis added); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("the pretrial scheduling order can only be modified upon a showing of good cause"). Rule 16(b)(4)'s "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Learjet, Inc. v. Oneok, Inc. (In re W. States Wholesale Natural Gas Antitrust Litig.)*, 715 F.3d 716, 737 (9th Cir. 2013). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing to Fed. R. Civ. P. 16 advisory committee's notes on the 1983 amendment); *see also Zivkovic*, 302 F.3d at 1087; 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. The focus of the inquiry is upon the moving party's reasons for seeking modification. *Id.*; *Adrian v. OneWest Bank, FSB*, 686 F. App'x 403, 405 (9th Cir. 2017) (applied to joint motions); *Neidermeyer v. Caldwell*, 718 F. App'x 485, 489 (9th Cir. 2017) (moving party did not show good cause when he "offered no explanation for his undue delay").

Further, the required showing of diligence is measured by conduct displayed throughout the period of time already allowed. *See, e.g.*, *Muniz v. United Parcel Serv., Inc.*, 731 F. Supp. 2d 961, 967 (N.D. Cal. 2010); *Krohne Fund, LP v. Simonsen*, 681 F. App'x

635, 638 (9th Cir. 2017); *Lyles v. Dollar Rent a Car, Inc.*, 849 F. App'x 659, 661 (9th Cir. 2021). "If [the moving] party was not diligent, the inquiry should end." *Johnson,* 975 F.2d at 609; *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017) (same).

Civil Local Rule 16.1(b) also requires that all counsel "proceed with diligence to take all steps necessary to bring an action to readiness for trial." CivLR 16.1(b). Similarly, this Court's Civil Chambers Rules require that any motion to continue a scheduling order deadline include a showing of good cause, supported by a "declaration from counsel that details steps taken by the parties to meet current deadlines and reasons why the parties can no longer meet those deadlines." J. Torres Civ. Chambers R. VI.D.

### III.  DISCUSSION

The basis for the parties' Joint Motion stems primarily from a need for additional time to complete written discovery and two depositions. In the Joint Motion, the parties represent that since April 2025, the parties met and conferred telephonically and via written communication several times to resolve discovery disputes and exchange necessary discovery. It appears that by mid-May 2025, the parties had reached resolution concerning those discovery disputes, but CMB's subsequent failure to produce documents pursuant to the parties' stipulated deadline created challenges in completing discovery, including a Rule 30(b)(6) deposition. The parties further contend that the addition of new cross-claims by Amaca against CMB necessitate an extension to accommodate discovery on these claims.

Based on a review of the Joint Motion and record, and good cause appearing, the Court **GRANTS IN PART** the Joint Motion. Considering the parties' efforts to complete discovery and resolve discovery disputes, coupled with the recent introduction of new cross claims, good cause exists for extending current case deadlines. However, the parties are advised that no further continuances will be granted absent extraordinary circumstances.

As to the parties' request to extend the deadline to July 21, 2025 to raise a discovery dispute, the parties' request is **DENIED**. CMB served the relevant discovery responses on

March 31, 2025, more than 45 days before the parties filed the Joint Motion on June 12, 2025. *See* J. Torres Civ. Chambers R. VIII.E (setting 45-day deadline to raise discovery disputes). While the Court appreciates the parties' efforts to resolve this dispute, it appears that CMB has repeatedly failed to comply with the parties' agreed upon deadlines to produce documents, a privilege log, and amended interrogatory responses, creating discovery delays. Accordingly, the parties **SHALL** raise with the Court any remaining discovery disputes concerning the discovery responses served by CMB on March 31, 2025, including its production of documents and a privilege log, by no later than **June 27, 2025**.

## IV.    MODIFIED SCHEDULING ORDER

The Court **ORDERS** as follows:

1. All expert discovery shall be completed by all parties by **August 22, 2025**. The parties shall comply with the same procedures set forth in the paragraph below governing fact discovery.

2. All fact discovery shall be completed by all parties by **August 22, 2025**. "Completed" means that all discovery under Fed. R. Civ. P. 30-36, and discovery subpoenas under Fed. R. Civ. P. 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer regarding all discovery disputes in compliance with Local Rule 26.1(a). The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall follow the procedures governing discovery disputes set forth in Judge Torres' Civil Chambers Rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the Court, no stipulation continuing or altering this requirement will be recognized by the Court.**

3. A Mandatory Settlement Conference ("MSC") shall be conducted by Zoom video conferencing on **August 26, 2025** at **9:30 a.m.** before Magistrate Judge Valerie E. Torres.[1]

    a. The following are **mandatory** procedures to be followed in preparation for the MSC. Absent express permission from this Court, counsel must timely comply with the dates and deadlines herein. Questions regarding the MSC or the mandatory guidelines set forth herein may be directed to Judge Torres' Chambers at (619) 557-6384.

    b. **Full Settlement Authority Required.** Pursuant to Local Rule 16.1.c.1, all parties, party representatives, including claims adjusters for insured parties, and the principal attorney(s) responsible for the litigation must participate in the MSC.[2] This appearance must be made with full and complete authority to negotiate and enter into a binding settlement.[3] Counsel for a government entity is excused from this requirement if the government attorney who participates in the MSC (i) has primary responsibility for handling the case, and (ii) may negotiate settlement offers that the attorney is willing to recommend to the government official having ultimate settlement authority.

---

[1] Counsel may request the MSC be converted to an in-person appearance through a joint call or email to Judge Torres' Chambers (efile_torres@casd.uscourts.gov). Counsel must meet and confer prior to making such a request.

[2] The attendance requirement includes parties that are indemnified by others. Any deviation from this Order requires prior Court approval.

[3] Full authority to settle means that the individuals at the MSC are authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). Party participants need to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). One of the purposes of requiring a person with complete settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Id.* at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-597 (8th Cir. 2001).

       c. **Confidential Settlement Brief.** No later than **seven (7) calendar days** before the MSC, each party must lodge a Confidential Settlement Brief by email to efile_torres@casd.uscourts.gov. The Confidential Settlement Brief should not exceed ten (10) pages, excluding exhibits, and must be formatted according to the requirements of Local Rule 5.1(a). Parties attaching exhibits must attach only the relevant pages of multi-page exhibits and must highlight the relevant portions.

       d. **Contents of Settlement Brief.** All Confidential Settlement Briefs shall include the content specified in the Court's Chambers Rules, available at https://www.casd.uscourts.gov/Judges/torres/docs/Civil%20Chambers%20Rules.pdf.

    4. **Procedure for Zoom Videoconference.** Two (2) business days prior to the MSC, the Court will email counsel of record an invitation with the Zoom meeting information. Participants can join the Zoom video conference by following the ZoomGov Meeting hyperlink or using the meeting ID and password provided. Each participant should plan to join the Zoom video conference *at least five (5) minutes before* the start of the MSC. Counsel is responsible for ensuring their clients can participate in the MSC. All participants must display the same level of professionalism and attention during the MSC as if they were attending in person (*e.g.*, not be driving while speaking to the Court, or otherwise distracted).

    5. All pre-trial motions must be filed by **September 5, 2025**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

    6. If the trial will be a bench trial, counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2)

by **December 22, 2025**. Counsel do not need to file Memoranda of Contentions of Fact and Law if the trail will be a jury trial.

      7.    Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **December 22, 2025**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

      8.    Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **December 29, 2025**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

      9.    Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **January 5, 2026**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's counsel concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

      10.    The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served, and lodged with the assigned district judge by **January 12, 2026**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

      11.    The final Pretrial Conference is scheduled on the calendar of the **Honorable Benjamin J. Cheeks** on **January 22, 2026** at **10:30 a.m.**

      12.    The parties must review the chambers' rules for the assigned district judge and magistrate judge.

1     13.    A post-trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

    14.    The dates and times set forth herein will not be modified except for good cause shown.

    15.    Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

    16.    Plaintiff shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED**.

Dated: June 20, 2025

Honorable Valerie E. Torres
United States Magistrate Judge