UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARATHON PETROLEUM COMPANY LP, et al.,<br>Plaintiffs,<br>v.<br>CMB PETROLEUM INC., a California corporation; AMACA PROPERTIES LLC, a California limited liability company; DOES 1-10, inclusive.,<br>Defendants.<br>———<br>AMACA PROPERTIES LLC,<br>Cross-Claimant,<br>v.<br>CMB PETROLEUM INC., et al,<br>Cross-Respondents. | Case No.: 24cv1560 BJC- VET<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT [ECF NO. 57]** |

Pending before the Court is Plaintiffs' Marathon Petroleum ("Marathon") and Treasure Franchise Company ("Treasure") Motion to Amend Complaint. ECF No. 57. Defendants CMB Petroleum ("CMB") and Defendant/Cross-claimant Amaca Properties,

LLC ("Amaca") have opposed the Motion. ECF Nos. 61, 63. Plaintiffs filed a Reply. ECF No. 67. For the reasons set forth below, the Court GRANTS the Motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

The basis of this action is a dispute arising from two franchise agreements concerning a gas station and convenience store located at 4498 Clairemont Mesa Boulevard, San Diego, California ("Property"). Defendant and Cross-Complainant Amaca is the owner of the Property. Plaintiffs Marathon Petroleum and Defendant CMB Petroleum are parties to the two contracts at issue: (1) the ampm Mini Market Agreement ("Store Agreement"); and (2) the Contract Dealer Gasoline Agreement for the ARCO brand ("Gasoline Agreement"). The Gasoline Agreement contains a restrictive covenant dictating that the services offered at the Property must operate under a brand offered by Marathon (such as ampm and ARCO) until approximately August 1, 2033, if the Property is to continue to serve as a convenience store or gasoline service station.

According to the Complaint, CMB de-branded the ARCO-branded gas station and ampm-branded convenience store less than a year after entering into its lease. CMB re-branded the Property under the brand "Gas For Less" and allegedly has refused to adhere to the applicable restrictive covenants.

On September 3, 2024, Plaintiffs filed the original Complaint against Defendants asserting three claims: (1) specific performance, (2) breach of contract, and (3) declaratory judgment. ECF No. 1. On September 6, 2026, Plaintiffs filed a Motion for Temporary Restraining Order ("TRO"). ECF No. 5. On September 23, 2024, the Court denied Plaintiffs' Motion for TRO. ECF No. 19.

On September 5, 2025, Plaintiffs filed a Motion for Partial Summary Judgment against CMB and the present Motion to Amend/Correct the Complaint. ECF Nos. 56, 57. On the same day, Amaca filed a Motion for Summary Judgment against Plaintiffs. ECF No. 58.

---

[1] Facts are taken from the Complaint.

On September 26, 2025, Plaintiffs filed an Opposition to Amaca's Motion for Summary Judgment (ECF No. 59), CMB filed an Opposition to Plaintiffs Motion to Amend (ECF No. 61), and Amaca filed an Opposition to Plaintiffs' Motions for Partial Summary Judgment and Motion to Amend (ECF Nos. 62, 63). Plaintiffs filed Replies. ECF Nos. 67, 68.

## II. Legal Standard

A party may amend its pleading under Federal Rule of Civil Procedure 15(a) which provides that leave of court "shall be freely given when justice so requires." Fed.R.Civ.P. § 15(a). "This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC V. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003)(citing *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 712 (9th Cir.2001). The Court considers four factors, referred to as the "*Foman* factors" when determining whether to grant or deny a motion for leave to amend. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987); *Foman v. Davis*, 371 U.S. 178, 182 (1962). These factors are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. *Id.* "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC V. Aspeon, Inc.*, 316 F.3d at 1052 (9th Cir. 2003). The party opposing amendment "bears the burden of showing prejudice." *DCD Programs, Ltd.*, 833 F.2d at 186-187. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC*, 316 F.3d at 1052.

A party must show more than delay for a court to deny the motion to amend. *Loehr v. Ventura Cnty. Cmty. Coll. Dist*., 734 F.2d 1310, 1319-20 (9th Cir. 1984). A proposed amendment is futile if it is "either duplicative of existing claims or patently frivolous, or both." *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995).

## III. Discussion

Plaintiffs seek leave to file a First Amended Complaint for the purposes of adding a cause of action titled "Injunctive Relief" to enforce restrictions of the grant deed and to clarify that Plaintiffs are seeking injunctive relief in its prayer for relief. Mot. at 2, ECF

No. 57-1. Plaintiffs also claim that they are asking "to amend its express warranty claim" stating that "Plaintiffs are simply seeking to amend their claim because discovery shows that the facility is now in violation of restrictive covenants." *Id.* at 5.

Defendant Amaca argues that Plaintiffs' Motion should be denied because it is untimely and prejudicial. ECF No. 63 at 3. In addition, Defendant contends that "the Motion must be denied given that it seeks to amend its Complaint with the addition of a 'claim' for injunctive relief which is not a cause of action as a matter of law." *Id.* at 4. Defendant CMB Petroleum contends the Motion should be denied because there is no such thing as a "cause of action for an injunction under California law." ECF No. 61 at 3. Instead, "an injunction is merely a remedy for a proven cause of action." *Id.* In addition, CMB Petroleum argues that the proposed amendment would be futile, and the amendment would be subject to a motion to dismiss for failure to state a cause of action. *Id.* at 4.

To determine whether leave to amend should be granted, the Court looks to the language of the proposed cause of action. The claim asserts that the Grant Deed recorded with the County of San Diego gave Defendants notice of the restrictions yet "CMB Petroleum began operating convenience food stores or motor fuel facilities other than those by Agreement with Plaintiffs" and "Defendant's violation of the restrictions, unless and until enjoined and restrained by order of this court, will cause grave and irreparable injury to Plaintiffs." Proposed FAC, ECF No. 57-2, ¶¶ 55-57. Plaintiffs claim there is no "adequate remedy at law for the defendant's violation of the restrictions," and therefore injunctive relief is warranted. *Id.* ¶ 58.

Balancing the *Foman* factors, the Court finds that leave to amend should be granted. Defendants Amaca and CMB Petroleum have not met their burden to show they would be prejudiced if Plaintiffs are allowed to introduce the new claim. While Defendant Amaca contends it would be "prejudicially foreclosed" from challenging the amended complaint via summary judgment because it was filed on the "last day to bring a motion in this case" this argument does not have merit. If Plaintiffs are allowed to amend, the amended

complaint will become the operative pleading, and Defendants will have an opportunity to file motions as they deem appropriate. This does not demonstrate prejudice.

In addition, Defendants Amaca and CMB contend that amendment would be futile because "injunctive relief is a remedy, not a standalone claim." It is true that there is no stand-alone cause of action under California law for injunctive relief. See *Marlin v. Aimco Venezia, LLC,* 154 Cal.App.4th 154, 162 (Cal.Ct.App.2007). However, Plaintiffs claim that the title "Injunctive Relief" is a "procedural misnomer" and argue that the substance of the claim should supersede any arguments about the title. The Court agrees. Although Plaintiffs title the proposed fourth cause of action "Injunctive Relief," the substance of the proposed claim indicates that Plaintiffs seek to assert a cause of action under California law to enforce personal covenants via injunctive relief. Plaintiffs argue that the proposed claim only seeks to add additional support for their argument that a claim for injunctive relief is actionable because California law provides that "equity will enforce a personal covenant concerning land as if the covenant is one that clearly runs with the land" citing *Moe v. Gier*, 116 Cal.App. 403, (Cal. App. 1st Dist. 1931) and *Heimburge v. State Guar. Corp*., 116 Cal.App. 380, 386 (Cal. App. 4th Dist. 1931). While the substance of the claim may ultimately be deemed duplicative of existing claims, Defendants have not shown that they will be prejudiced by its inclusion in an amended complaint.

Additionally, the Court finds no bad faith or undue delay in Plaintiffs' request to amend. Plaintiffs did not unduly delay filing the Motion because it was timely filed before the conclusion of the motion practice deadline, as Defendant Amaca acknowledges. And as noted above, Defendants are not foreclosed from challenging the amended complaint. Moreover, there is no evidence that Plaintiffs seek to amend simply to "keep the case alive" against Defendant Amaca. Accordingly, the Court finds no bad faith or undue delay in Plaintiffs' filing of the Motion.

Applying the policy to freely allow amendment, the Court finds that the *Foman* factors weigh in Plaintiffs' favor. *Eminence Capital, LLC*, 316 F.3d at 1051.

//

## IV. CONCLUSION AND ORDER

For the foregoing reasons, Plaintiffs' Motion to Amend is **GRANTED**. Plaintiffs are directed to file the proposed Amended Complaint **no later than August 24, 2026.**

**IT IS SO ORDERED**.

Dated: August 14, 2026

Honorable Benjamin J. Cheeks
United States District Judge